Honorable Danny Staples State Senator, District 20 State Capitol Building, Room 418 Jefferson City, MO 65101
Dear Senator Staples:
You have submitted the following question to this office: "Whether acounty assessor can employ his brother's wife's sister's daughter in thecounty assessor's office without violating the provisions of ArticleVII, Section 6 of the Missouri Constitution?"
In the information you submitted, you advised us that the proposed employee has seniority for pay purposes through previous county employment; but the seniority rights will lapse unless she is hired quickly. The assessor does not plan on employing the proposed employee until it is determined that no violation of Article VII, Section 6 of the Missouri Constitution will occur.
Article VII, Section 6 of the Missouri Constitution provides: "Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment."
The individual seeking employment is the niece of the assessor's brother's wife. We have previously addressed this relationship in Opinion No. 189-80, a copy of which is attached. In that opinion we concluded that based upon the principles set forth in State v. Thomas,174 S.W.2d 337 (Mo. 1943) there is no relationship between a circuit clerk and the niece of the wife of the brother of the circuit clerk and, therefore, no prohibition against the circuit clerk employing that person. Because the constitutional prohibition against nepotism makes no distinction between office holders, the same conclusion applies to this situation.
 CONCLUSION
A county assessor does not violate the provisions of Article VII, Section 6 of the Missouri Constitution by employing the daughter of the sister of the assessor's brother's wife.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General
Attachment: Opinion No. 189-80
OPINION LETTER NO. 189 (1980) September 19, 1980
The Honorable Meredith Ratcliff Prosecuting Attorney of Adair County P. O. Box 422 Kirksville, Missouri 63501
Dear Mr. Ratcliff:
This letter is in response to your request for an opinion as to whether the appointment to employment of a niece of the wife of a brother by the Adair County Circuit Clerk would violate VII, § 6, of the Missouri Constitution. This article forbids the employment or appointment to public office by a public official of any relative within the fourth degree of relationship, by consanguinity or affinity.
Under the factual situation outlined in your opinion request, the Circuit Clerk of Adair County wishes to appoint the niece of her brother's wife to a public position. Obviously, no question of consanguinity exists here because the parties are not blood relatives. Under principles of affinity as laid out in State v. Thomas,174 S.W.2d 337, (Mo. 1943), the clerk's brother is related to the niece of his wife through marriage. However, as stated in the Thomas case:
 A kinship by affinity — arising through marriage — exists only between each spouse and the blood relatives of the other spouse. State v. Thomas, Id. at 338.
Therefore, the Circuit Clerk of Adair County is not related by affinity to the relatives of the wife of the clerk's brother. The appointment of a niece of the clerk's brother's wife would not violate Article VII, §6, of the Missouri Constitution.
Very truly yours,
 JOHN ASHCROFT Attorney General